Milton R. and Samuel E. Livingston, Appellees, v. Harry J. Frey, Appellant.

(Not to be reported in full.)

Appeal from the Circuit Court of McLean county; the Hon. SAIN WELTY, Judge, presiding. Heard in this court at the April term, 1916. Affirmed. Opinion filed May 3, 1916.

## Statement of the Case.

Action for forcible detainer by Milton R. and Samuel E. Livingston, plaintiffs, against Harry J. Frey, defendant. From a judgment for plaintiffs, defendant appeals.

The evidence showed that on May 1, 1905, the defendant leased the described premises for the term of five years from Emma B. and William H. Brown at a rental of $145 per month, payable monthly in advance on the first day of each month. The lease contained a provision for an extension for a like term, upon the same terms and conditions, upon a written notice being given by the lessee on or before March 1, 1910.

On March 3, 1910, an extension of the lease for five years from May 1, 1910, was executed by the parties. There was no further extension of the lease. On June 18, 1914, William H. Brown, who had become sole owner of the premises, made a lease of the premises to plaintiffs at $225 per month, to begin May 1, 1915, the day that the extension of defendant's lease expired.

Emma Brown was the mother of William H. Brown. She died June 11, 1914. The contention of defendant was that in a conversation with him, Mrs. Brown told him that he might continue in possession of the premises after the expiration of his extension, as long as she lived, and that the suit should have been brought in the name of William H. Brown, the present owner,

and not by his lessees. The court sustained an objection to the offer made by defendant to prove the conversation between Mrs. Brown and himself, waiving the requirement of notice in writing by the lessee.

DE MANGE, GILLESPIE & DE MANGE, for appellant.

LIVINGSTON & BACH, for appellees.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

## Abstract of the Decision.

1. EVIDENCE, § 319*—*varying lease by parol evidence.* The terms of a lease under seal cannot be varied by parol evidence.

2. FORCIBLE ENTRY AND DETAINER, § 74*—*when parol evidence inadmissible.* In an action of forcible detainer against a lessee after the expiration of his term, evidence that one of the lessors who had died before the expiration of the term had told the lessee that he could occupy the premises as long as such lessor lived, *held* inadmissible.

3. FORCIBLE ENTRY AND DETAINER, § 45*—*who proper party plaintiff to maintain action.* A lessee whose term was to commence at the expiration of the term of a prior lessee, *held* the proper and only party entitled to maintain an action of forcible detainer to obtain possession of demised premises from the prior lessee holding over.

4. FORCIBLE ENTRY AND DETAINER, § 91*—*when direction of verdict for plaintiff proper.* In an action of forcible detainer by a lessee against a prior lessee in possession, where the evidence clearly proved the plaintiffs' right to the possession and there was no evidence tending to show that the defendant was entitled thereto, *held* that a peremptory instruction to find in favor of the plaintiffs was proper.

5. FORCIBLE ENTRY AND DETAINER, § 9*—*what does not constitute justification for withholding of possession.* Where, in an action of forcible detainer by a lessee against a prior lessee, the plaintiffs' right to possession was clearly shown, *held* that the fact that plaintiffs obtained their lease without notice to the defendant and that the latter had no other course open to him than to hold on until he had secured a suitable location, constituted no justification for the defendant taking an appeal from a decision against him.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.